IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PAUL ALTON HOLT, JR                                                                      PLAINTIFF
ADC #160885

V.                            CASE NO. 3:21-CV-51-DPM-BD

JOHN STALEY, *et al.*                                                                    DEFENDANTS

**<u>ORDER</u>**

Plaintiff Paul Holt Jr. is currently held in the Lonoke County Detention Facility (Detention Facility) after his arrest for an alleged parole violation and for new state charges. He filed this civil rights lawsuit without the help of a lawyer complaining about his medical care. (Doc. No. 2) Mr. Holt must amend his complaint before the Court will order service for any of the Defendants.

Mr. Holt complains generally that Defendants have not provided him with constitutionally adequate care for seizures since January 25, 2021. In his amended complaint he must state how each Defendant was personally involved in failing to see that his medical needs were met. Alleging that a Defendant was a supervisor, standing alone, is insufficient to state a federal claim for relief.

Mr. Holt names Sheriff Staley as a Defendant; but he never mentions him in the body of his complaint. From the complaint, it does not appear that the Sheriff was personally involved in denying Mr. Holt medical care.

Mr. Holt alleges that Defendant Gibson gave him another inmate's medication on February 11 and 12, 2021. (Doc. No. 2, p.5) If he wants to pursue a claim based on these incidents, Mr. Holt must include more details in his amended complaint. What

medication should Defendant have given him? What medication did Defendant Gibson give him on those dates? Did Mr. Holt actually take the wrong medication; and if so, how was he harmed?

Mr. Holt also complains that Defendants denied him access to a wheelchair on February 12, 2021. (Doc. No. 2, p.5) In his amended complaint, he must explain why he needed a wheelchair or medical care on February 12; and he must state which Defendants were responsible for denying him a wheelchair and medical care.

Mr. Holt complains that, when he experienced seizures on February 17, "jailers overdosed" him. (Doc. No. 2, pp.5, 10) In his amended complaint, Mr. Holt must state which Defendants administered the alleged overdose and what injury he suffered as a result of the alleged overdose.

Mr. Holt also complains that on an unspecified date he suffered seizures and received no medical care. He further alleges that he awoke on February 20 during a seizure as unnamed guards watched but failed to act. (Doc. No. 2, pp. 8, 11) Mr. Holt must state which Defendants were involved and explain how he was injured.

Mr. Holt complains that Defendants Berryman and Gibson violated his HIPAA rights. (Doc. No. 2, pp.5-6) The HIPAA statute does not provide individuals with a private right of action. Mr. Holt must explain, specifically, how Defendants Berryman and Gibson violated his constitutional rights and state how he was harmed by their actions.

Finally, Mr. Holt complains that Defendant Flud provided him trays with "mop and soapy water in them and black and brown flakey stuff in the trays." (Doc. No. 2, p.9) This allegation is unrelated to Mr. Holt's claims of inadequate medical care. Unrelated claims against different defendants cannot be included in a single lawsuit due to the danger of confusion and unfair prejudice. To proceed on claims of unconstitutional conditions of confinement, Mr. Holt must file a separate lawsuit.

Mr. Holt has 30 days to file an amended complaint. His failure to comply with this Order could result in the dismissal of some or all of his claims. Local Rule 5.5.

IT IS SO ORDERED, this 4th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE